Attorney No. 32035

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NICHOLAS GIANNOTTI, | )<br>) |
| Plaintiff, | )<br>) |
| | ) Case No.: 1:18-cv-05157 |
| v. | )<br>) Judge: |
| HOT WATER 911 CORPORATION<br>d/b/a HOT WATER 911, TONY SCIMECA,<br>and CLAUDIA SCIMECA, | )<br>) **JURY DEMANDED**<br>) |
| Defendants. | )<br>) |
| | ) Damages: over $50,000 |

## COMPLAINT AT LAW

NOW COMES Plaintiff, Nicholas Giannotti ("Plaintiff"), by and through his undersigned attorneys, and for his Complaint at Law against Defendants, Hot Water 911 Corporation d/b/a Hot Water 911, Tony Scimeca, and Claudia Scimeca, (collectively "Defendants"), states as follows:

## NATURE OF THE CASE

1. Count I arises under the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*.

2. Count II arises under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*.

3. Count III arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

4. Count IV arises under the Illinois Whistleblower Act, 740 ILCS § 174/1 *et seq*.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C § 1367.

6. Venue in the Circuit Court of Cook County is proper as the claim for relief arose in Chicago, Cook County, Illinois.

## PARTIES

7. Plaintiff is a resident of Illinois.

8. That Defendant Hot Water 911 Corporation d/b/a Hot Water 911 ("Hot Water 911") is duly registered to conduct business in the State of Illinois.

9. That at all times pertinent herein, Plaintiff was employed by Defendant Hot Water 911.

10. That Defendant Tony Scimeca ("Tony") was employed by Hot Water 911 as Owner and CEO.

11. That Defendant Claudia Scimeca ("Claudia") was employed by Hot Water 911 as a Manager.

12. That at all times pertinent herein, Plaintiff was an "employee" as defined by 820 ILCS § 105/3(d), 820 ILCS § 115/2, 740 ILCS § 174/5, and 29 U.S.C. § 203(e).

13. That Defendant Hot Water 911 was an "employer" as defined by 820 ILCS §105/3(d), 820 ILCS § 115/2, 740 ILCS § 174/5, and 29 U.S.C. § 203(d). Defendant Hot Water 911 is an Illinois corporation and "enterprise" as defined in 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

## GENERAL ALLEGATIONS

14. Plaintiff incorporates the preceding paragraphs herein.

15. At all relevant times, Hot Water 911, Tony, and Claudia were operating as co-employers.

16. At all relevant times, Tony had the power to hire employees, discipline employees, recommend discipline for employees, terminate employees, and recommend termination of an employee in the interests of Hot Water 911.

17. At all relevant times, Claudia had the power to hire employees, discipline employees, recommend discipline for employees, terminate employees, and recommend termination of an employee in the interest of Hot Water 911.

18. At all relevant times, Tony and Claudia acted directly or indirectly in the interest of Hot Water 911 in relation to Plaintiff's employment.

19. That Plaintiff was hired by Hot Water 911 on approximately March 3, 2017.

20. That Plaintiff was compensated on a salary basis.

21. That Plaintiff was scheduled to work forty (40) hours in a workweek.

22. That Plaintiff was scheduled to work from 8:00 a.m. to 4:30 p.m. Monday through Friday.

23. That Plaintiff was to receive five (5) percent in sales commissions.

24. That Plaintiff was to be reimbursed for travel expenses.

## COUNT I – VIOLATIONS OF THE ILLINOIS MINIMUM WAGE LAW

25. Plaintiff incorporates the preceding paragraphs herein.

26. Count I is directed at all Defendants.

27. That Count I arises from Defendants' violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*, for their failure to pay Plaintiff's regular wages and wages at the overtime rate for all hours worked in excess of forty (40) per workweek.

28. That Count I further arises from Defendants' failure to pay Plaintiff any and all sales commissions earned during the course of performing labor services for Defendants.

29. That at all relevant times, Plaintiff performed labor services for Defendants.

30. That at all relevant times, Plaintiff was engaged in job duties and responsibilities that were integral and indispensable to the operation of Defendants' business.

31. That Plaintiff was scheduled to work forty (40) hours in a workweek.

32. That Plaintiff was scheduled to work from 8:00 a.m. to 4:30 p.m. Monday through Friday.

33. That Plaintiff often stayed at work past 4:30 p.m.

34. That Plaintiff was also called upon by Tony to work on holidays and weekends without compensation.

35. That in approximately December 2017, Plaintiff was told by Tony that he would receive five (5) percent commission on all the sales he made.

36. That Plaintiff was to be reimbursed for any travel expenses incurred from traveling to work sites.

37. That Plaintiff was entitled to at least $10,000 in earned compensation from approximately March 3, 2017 through March 6, 2018.

38. That Plaintiff frequently worked hours for which Defendants did not provide compensation.

39. That Defendants Tony and Claudia acted directly or indirectly in the interest of Defendant Hot Water 911 in relation to Plaintiff's employment.

40. That Defendants failed, neglected, or refused to pay Plaintiff all earned compensation, including his earned sales commission, travel expenses, and overtime.

41. That Defendants were aware that Plaintiff was working more hours than he was originally scheduled to work, but nevertheless allowed such work to continue without compensation.

4

42. That Defendants' conduct was willful and done with the purpose and intent of depriving Plaintiff of all wages due to him.

43. That as a result of Defendants' failure to pay Plaintiff all earned compensation, he has failed to receive proper compensation in the course of performing labor services for Defendants.

44. That as a result of Defendants' failure to pay Plaintiff all earned compensation, Plaintiff failed to receive overtime compensation for all hours worked over forty (40) in one workweek.

45. That as a direct and proximate result thereof, Defendants have violated the IMWL, 820 ILCS § 105/4(a).

46. That as a direct and proximate result thereof, Plaintiff has suffered great economic damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nicholas Giannotti respectfully requests that this Honorable Court provide the following equitable and legal remedies for relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b. Award Plaintiff a judgment for underpayments equal to the amount of all unpaid compensation;

c. Award Plaintiff an additional two (2) percent of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid for Defendants' willful and wanton conduct;

d. Award Plaintiff prejudgment interest with respect to the amount of underpayments.

a. Award reasonable attorneys' fees and costs incurred in filing this action, as well as punitive damages;

e. Award Plaintiff all remedies and relief available under the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.*;

f. Enter an injunction preventing Defendants from violating the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.*; and

g. Award other such additional relief as this Honorable Court may deem just and proper.

## COUNT II – VIOLATIONS OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

47. Plaintiff incorporates the preceding paragraphs herein.

48. Count II is directed at all Defendants.

49. Count II arises from Defendants' violation of the Illinois Wage Payment Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq.*, for their failure to pay Plaintiff's regular wages and wages at the overtime rate for all hours worked in excess of forty (40) per workweek.

50. That Count II further arises from Defendants' failure to pay Plaintiff any and all sales commissions earned during the course of performing labor services for Defendants.

51. That at all relevant times, Plaintiff performed labor services for Defendants.

52. That at all relevant times, Plaintiff was engaged in job duties and responsibilities that were integral and indispensable to the operation of Defendants' business.

53. That Plaintiff was scheduled to work forty (40) hours in a workweek.

54. That Plaintiff was scheduled to work from 8:00 a.m. to 4:30 p.m. Monday through Friday.

55. That Plaintiff often stayed at work past 4:30 p.m.

56. That Plaintiff was also called upon by Tony to work on holidays and weekends without compensation.

57. That in approximately December 2017, Plaintiff was told by Tony that he would receive five (5) percent commission on all the sales he made.

58. That Plaintiff was to be reimbursed for any travel expenses incurred from traveling to work sites.

59. That Plaintiff was entitled to at least $10,000 in earned compensation from approximately March 3, 2017 through March 6, 2018.

60. That Plaintiff frequently worked hours for which Defendants did not provide compensation.

61. That Defendants Tony and Claudia acted directly or indirectly in the interest of Defendant Hot Water 911 in regards to Plaintiff's employment.

62. That Defendants Tony and Claudia are individually liable for allowing Defendant Hot Water 911 to knowingly violate the IWPCA.

63. That Defendants failed, neglected, or refused to pay Plaintiff all earned compensation, including his earned sales commission, travel expenses, and overtime.

64. That Defendants were aware that Plaintiff was working more hours than he was originally scheduled to work, but nevertheless allowed such work to continue without compensation.

65. That Defendants' conduct was willful and done with the purpose and intent of depriving Plaintiff of all wages due to him.

66. That as a result of Defendants' failure to pay Plaintiff all earned compensation, he has failed to receive proper compensation in the course of performing labor services for Defendants.

67. That as a result of Defendants' failure to pay Plaintiff all proper compensation, Plaintiff failed to receive overtime compensation for all hours worked over forty (40) in one workweek.

68. That as a direct and proximate result thereof, Defendants have violated the IWPCA, 820 ILCS § 115/4.

69. That as a direct and proximate result thereof, Plaintiff has suffered great economic damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nicholas Giannotti respectfully requests that this Honorable Court provide the following equitable and legal remedies for relief:

   b. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

   c. Award Plaintiff a judgment for underpayments equal to the amount of all unpaid compensation.

   d. Award Plaintiff an additional two (2) percent of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid for Defendants' willful and wanton conduct.

   e. Award Plaintiff prejudgment interest with respect to the amount of underpayments.

   f. Award reasonable attorneys' fees and costs incurred in filing this action, as well as punitive damages;

   g. Enter an injunction preventing Defendants from violating the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.*

   h. Award other such additional relief as this Honorable Court may deem just and proper.

## COUNT III – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

70. Plaintiff incorporates the preceding paragraphs herein.

71. Count III is directed at all Defendants.

72. That Count III arises from Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for their failure to pay Plaintiff's regular wages and wages at the overtime rate for all hours worked in excess of forty (40) per workweek.

73. That Count III further arises from Defendants' failure to pay Plaintiff any and all sales commissions earned during the course of performing labor services for Defendants.

74. That at all relevant times, Plaintiff performed labor services for Defendants.

75. That at all relevant times, Plaintiff was engaged in job duties and responsibilities that were integral and indispensable to the operation of Defendants' business.

76. That Plaintiff was scheduled to work forty (40) hours in a workweek.

77. That Plaintiff was scheduled to work from 8:00 a.m. to 4:30 p.m. Monday through Friday.

78. That Plaintiff often stayed at work past 4:30 p.m.

79. That Plaintiff was also called upon by Tony to work on holidays and weekends without compensation.

80. That in approximately December 2017, Plaintiff was told by Tony that he would receive five (5) percent commission on all the sales he made.

81. That Plaintiff was also to be reimbursed for any travel expenses incurred from traveling to work sites.

82. That Plaintiff was entitled to at least $10,000 in proper compensation from approximately March 3, 2017 through March 6, 2018.

83. That Plaintiff frequently worked hours for which Defendants did not provide compensation.

84. That Defendants Tony and Claudia acted directly or indirectly in the interest of Defendant Hot Water 911 with respect to Plaintiff's employment.

85. That Defendants failed, neglected, or refused to pay Plaintiff all proper compensation, including his earned sales commission, travel expenses, and overtime.

86. That Defendants were aware that Plaintiff was working more hours than he was originally scheduled to work, but nevertheless allowed such work to continue without compensation.

87. That Defendants' conduct was willful and done with the purpose and intent of depriving Plaintiff of all wages due to him.

88. That as a result of Defendants' failure to pay Plaintiff all proper compensation, he has failed to receive proper compensation in the course of performing labor services for Defendants.

89. That as a result of Defendants' failure to pay Plaintiff all proper compensation, Plaintiff failed to receive overtime compensation for all hours worked over forty (40) in one workweek.

90. That Defendants' failure to pay compensation for all time worked, and as a result, their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA.

91. That Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

92. That as a direct and proximate result thereof, Plaintiff has suffered great economic damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nicholas Giannotti respectfully requests that this Honorable Court provide the following equitable and legal remedies for relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

b. Award Plaintiff a judgment for underpayments equal to the amount of all unpaid compensation.

c. Award Plaintiff liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b).

d. Award Plaintiff prejudgment interest with respect to the amount of unpaid compensation.

i. Award reasonable attorneys' fees and costs incurred in filing this action, as well as punitive damages;

e. Enter an injunction preventing Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

f. Award other such additional relief as this Honorable Court deems just and proper.

## **COUNT IV – COMPLAINT OF RETALIATION IN VIOLATION OF THE ILLINOIS WHISTLEBLOWER ACT**

93. Plaintiff incorporates the preceding paragraphs herein.

94. Count IV is directed at all Defendants.

95. That during Plaintiff's employment with Defendants, Plaintiff performed up to and exceeded Defendants' legitimate expectations.

96. That Plaintiff was employed by Hot Water 911 beginning on approximately March 3, 2017.

97. That at all relevant times during Plaintiff's employment with Defendants, Plaintiff was supervised by Tony and Claudia.

98. That on or about February 20, 2018, Plaintiff filed a complaint with the Occupational Safety and Health Administration ("OSHA").

99. That in his complaint, he alleged unsafe working conditions due to asbestos and the health risks associated with asbestos.

100. That on March 3, 2018, Plaintiff was informed by Tony that his employment was terminated.

11

101. That the decision to terminate Plaintiff was made jointly by Tony and Claudia.

102. That he was not provided a reason for his termination.

103. That similarly situated employees who did not file a complaint with OSHA were not terminated.

104. That the act of termination, and Plaintiff's filing of a complaint to OSHA, occurred within such a short period of time so as to raise a strong inference of retaliatory motive.

105. That Defendants' treatment of Plaintiff was motivated by evil motive and intent, and was recklessly and callously indifferent to Plaintiff's protected rights under the Illinois Whistleblower Act.

106. That Defendants' conduct amounts to retaliation in violation of the Illinois Whistleblower Act.

107. That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost substantial income, including, but not limited to, wages and other employment benefits.

108. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Plaintiff and his friends, family, and colleagues.

109. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered depression, extreme mental anguish, outrage, severe anxiety about his future and his ability to support himself and his family, harm to employability and earning capacity, shameful embarrassment among his friends, colleagues, and coworkers,

damage to his reputation, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nicholas Giannotti respectfully requests that this Honorable Court provide the following equitable and legal remedies for relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date, and cause this case to be expedited in every possible way.

b. Award Plaintiff all costs of litigation, including reasonable attorneys' fees and expert fees and expenses;

c. Award Plaintiff a judgment against Defendants for lost employment benefits, reinstatement, frontpay, backpay, and other compensatory damages;

d. Award Plaintiff pre-judgment interest and punitive damages;

e. Award all other monetary and equitable relief allowable under the Illinois Whistleblower Act;

f. Enter an injunction preventing Defendants from violating the Illinois Whistleblower Act, 740 ILCS § 174/1 *et seq.*; and

g. Award other and further relief as this Honorable Court deems just and proper.

Respectfully Submitted,
Nicholas Giannotti,

/s/ Adrian Jonak
One of His Attorneys

Uche O. Asonye - 6209522
Adrian Jonak - 6324128
Asonye & Associates
100 North LaSalle Street, Suite 2115
Chicago, Illinois 60602
(312) 795-9110
uasonye@aa-law.com
ajonak@aa-law.com